### Edward W. B. Canning *vs.* The Inhabitants of Williamstown.

⚹he damages recoverable against a town, under the Rev. Sts. *c.* 25, § 22, are for an injury to the person or property only, and not merely on account of a risk or peril, which causes fright and mental suffering ; but, where an actual injury to the person is sustained, however small, which causes or is necessarily attended with mental suffering, that suffering is a part of the injury, for which the town is liable in damages.

This was an action on the case, to recover damages for an injury sustained by the plaintiff, in consequence of a defect in a bridge in the town of Williamstown. The trial was before *Forbes,* J., in the court of common pleas.

It was in evidence, that the plaintiff was riding over the bridge, in company with two other persons, in a light carriage drawn by two horses ; that when the horses had arrived near the centre of the bridge, it gave way, and the plaintiff was precipitated about fifteen feet down upon the rocks and stones in the stream below, by which he was injured in the cheek or side of the face, and became sore and lame ; and that the plaintiff, though the injury was not very severe, was, by the accident, put in considerable peril.

It was contended, for the defendants, that they were not liable in damages for the risk and peril sustained by the plaintiff, but only for the actual damage to his person.

It was contended, on the part of the plaintiff, that the life of the plaintiff was put in great jeopardy ; that the accident could not have happened in the manner proved, without great

terror and mental suffering ; and that the jury, in estimating the damages, had a right to consider not only the injury to the person of the plaintiff, but also his mental anguish, and the risk and peril attending the accident.

The presiding judge, after calling the attention of the jury to the provisions of the Rev. Sts. c. 25, § 22, instructed them, that towns are liable, in cases like the present, only so far as they are made liable by the express provision of law ; and, that for mere risk and peril, no action can be sustained against them ; but, that where an injury to the person is sustained, the damages are to be commensurate with the injury ; and, that if the injury to the person is of such a character, as to be necessarily attended with mental suffering, such suffering is, within the meaning of the statute, a part of the injury to the person, and may be considered in the estimate of damages.

The jury thereupon returned a verdict for the plaintiff, and the defendants filed exceptions.

*D. N. Dewey,* for the defendants.

*H. Byington,* for the plaintiff.

METCALF, J.   The Rev. Sts. c. 25, § 22, provide, that if any person "shall receive any injury in his person," by reason of any defect or want of repair in a road, he may recover of the party, that is by law obliged to repair the road, the amount of damage sustained by such injury.

The argument for the defendants assumes that the plaintiff sustained no injury in his person, within the meaning of the statute, but merely incurred risk and peril, which caused fright and mental suffering.   If such were the fact, the verdict would be contrary to law.   But we must suppose that the jury, under the instructions given to them, found that the plaintiff received an injury in his person — a bodily injury — and that they did not return their verdict for damages sustained by mere mental suffering caused by the risk and peril which he incurred.   And though that bodily injury may have been very small, yet if it was a ground of action, within the statute, and caused mental suffering to the plaintiff, that suffering was a part of the injury for which he was entitled to damages.

We are of opinion, that there was no error in the instructions ; and we cannot presume that they were misunderstood or disregarded by the jury.

*Exceptions overruled.*